Filed 1/5/23  P. v. Villescas CA2/2

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | B320061 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. VA044837) |
| v. | |
| ALBERTO VILLESCAS, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Raul A. Sahagun, Judge.  Dismissed.

Richard B. Lennon, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant

Attorney General, Steven D. Matthews and Gary A. Lieberman, Deputy Attorneys General, for Plaintiff and Respondent.

* * * * * *

Alberto Villescas (defendant) appeals from the trial court's order denying his petition to strike his prior prison term enhancement pursuant to newly enacted Senate Bill No. 483 (2021-2022 Reg. Sess.) (Stats. 2021, ch. 728, § 3) (Senate Bill 483). We conclude defendant has appealed from a nonappealable order. Accordingly, we dismiss the appeal.

## FACTS AND PROCEDURAL BACKGROUND

In October 1998, defendant was convicted by a jury of two counts of possession of a firearm by a felon (Pen. Code, § 12021, subd. (a)(1)).[1] The trial court found true the allegation that defendant had previously suffered two prior "strike" convictions and one prior prison term. (§§ 667, 667.5, subd. (b), & 1170.12.) The trial court sentenced defendant to state prison for a total term of 26 years to life—two concurrent 25-years-to-life terms plus one year for the prior prison term. Defendant appealed, and a prior panel of this division of the Court of Appeal affirmed the judgment. (*People v. Villescas* (May 2, 2000, B129758) [nonpub. opn.].)

In 2021, the Legislature passed, and the Governor signed, Senate Bill 483 (2021-2022 Reg. Sess.). Senate Bill 483 added section 1171.1, which was later renumbered as section 1172.75. The legislation renders "legally invalid" "[a]ny sentence enhancement that was imposed prior to January 1, 2020, pursuant to subdivision (b) of Section 667.5, except for any

---

1    All further statutory references are to the Penal Code unless otherwise indicated.

2

enhancement imposed for a prior conviction for a sexually violent offense." (§ 1172.75, subd. (a).) Pursuant to section 1172.75, defendant filed a petition to strike the one-year enhancement attributable to his prior prison term. The trial court denied his petition without prejudice on the basis it was premature.

Defendant filed this appeal.

## DISCUSSION

### I. We lack jurisdiction to correct the unauthorized sentence.

In accordance with our recent decision in *People v. King* (2022) 77 Cal.App.5th 629 (*King*), we dismiss defendant's appeal for lack of jurisdiction.

In *King*, the defendant "was charged with multiple sex offenses, all committed against a single victim on one day in 1985." (*King, supra*, 77 Cal.App.5th at p. 633.) In 1986, he was convicted and sentenced to a determinate term of 105 years in state prison. (*Ibid.*) In 2021, he filed a motion to vacate an unauthorized sentence. (*Ibid.*) We held that although defendant "correctly contend[ed] that the sentence . . . was unauthorized, . . . the trial court had no jurisdiction to entertain [his] motion to vacate his sentence, and therefore this court [had] no appellate jurisdiction to entertain the appeal." (*Ibid.*)

In so ruling, we noted "[t]he general rule . . . that 'once a judgment is rendered and execution of the sentence has begun, the trial court does not have jurisdiction to vacate or modify the sentence.'" (*King, supra*, 77 Cal.App.5th at p. 634.) That is because "a freestanding motion [or petition] challenging an incarcerated defendant's sentence is . . . . not an independent remedy, but must be attached to some ongoing action." (*Id.* at p. 640.) Here, there is no ongoing action. And because the trial

3

court lacked jurisdiction, any appeal from the trial court's dismissal must also be dismissed. (*Id.*, at p. 634.)

Here, because execution of defendant's sentence began in October 1998, and his judgment became final in August 2000, the trial court did not have jurisdiction to rule on defendant's freestanding petition to modify this sentence; under *King*, neither do we.

## II.  We decline to treat this appeal as a petition for habeas corpus.

In *King*, we noted that "a trial court may of course rule on a defendant's challenge to an unlawful sentence in a properly filed petition for a writ of habeas corpus." (*King, supra,* 77 Cal.App.5th at p. 637.) Applying this principle, defendant asks that we treat his appeal as such a habeas petition. We decline to do so as defendant has an adequate remedy at law.[2] (*In re Cook* (2019) 7 Cal.5th 439, 452 [because the defendant had "a plain, speedy, and adequate remedy at law," "resort[ing] to habeas corpus [was] unnecessary"]; *Michelle K. v. Superior Court* (2013) 221 Cal.App.4th 409, 433 ["habeas corpus is appropriate only when there are no other available and adequate remedies; it may not be used to avoid otherwise available and adequate remedies"].)

Section 1172.75 already provides defendant a remedy. Subdivision (b) obligates the Secretary of the Department of Corrections and Rehabilitation to forward information on which defendants might be eligible for relief by July 1, 2022, and subdivision (c) obligates the sentencing court to conduct its review and any resentencing—for persons like defendant who are

---

[2]  We reach this decision regardless of whether the procedure set forth in section 1172.75 is exclusive.

4

not currently serving time on the enhancement that may be stricken—by December 31, 2023.  (§ 1172.75, subds. (b) & (c)(2).)

Thus, under the express terms of the statute, defendant will be resentenced by December 31, 2023, before he begins to serve any time on account of the now invalid enhancement.[3]  It follows that we need not treat his appeal as a petition for habeas corpus.  In short, neither his unauthorized petition nor habeas corpus empowers defendant to skip to the front of the line our Legislature has already created and prioritized.

---

[3]      Thus, there is no harm in defendant either waiting for the California Department of Corrections and Rehabilitation to act as anticipated by section 1172.75 or filing a new petition for habeas corpus.

**DISPOSITION**

The appeal is dismissed.

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>.


_____, J.

HOFFSTADT

We concur:


_____, Acting P. J.

CHAVEZ


_____, J.*

BENKE

---

\* Retired Associate Justice of the Court of Appeal, Fourth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.